IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JASPER BLACK,

           Plaintiff,

v.                                            CIVIL ACTION NO. 3:11-0675

ERIC SHINSEKI,
SECRETARY, DEPARTMENT OF
VETERAN AFFAIRS,

           Defendant.

**ORDER**

Currently pending is Defendant's Motion to Dismiss (ECF No. 5). For the reasons set forth below, the motion is **DENIED**.

**INTRODUCTION**

This case involves allegations that the United States Department of Veterans Affairs discriminated against the plaintiff, Jasper Black, based on his race and disability, in violation of Title VII of the Civil Rights Act of 1964. Plaintiff was terminated from probationary employment as a Veterans' Service Representative at the Huntington Regional Office of the Department of Veterans' Affairs ("VA") on January 3, 2009, ostensibly for performance deficiencies. On January 5, Plaintiff filed an informal complaint with the VA alleging race (African-American) and disability (degenerative disk disease) discrimination. On February 20, 2009, Plaintiff filed a formal complaint with the Equal Employment Opportunity Commission ("EEOC") based on the same allegations. On June 21, 2011, Plaintiff filed a "Withdrawal of Hearing Request and Notice of Intent to File Suit" pursuant to 29 C.F.R. § 1614.407. On June 22, 2011, the presiding EEOC Administrative Law Judge ("ALJ") entered an order noting Plaintiff's withdrawal of his complaint and dismissing

Plaintiff's EEOC Complaint. Plaintiff filed the Complaint in this case on September 29, 2011. Defendant makes two arguments in support of the Motion to Dismiss. First, Defendant argues that Plaintiff failed to exhaust administrative remedies when he withdrew his request for an administrative hearing and gave notice of his intent sue in federal court. Alternatively, Defendant argues that Plaintiff's claim is not timely.

## STANDARD OF REVIEW

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the United States Supreme Court disavowed the "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41 (1957), which was long used to evaluate complaints subject to 12(b)(6) motions. 550 U.S. at 563. In its place, courts must now look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id*. (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 129 S. Ct. at 1949 (internal quotation marks and citations omitted). However, a mere "unadorned, the-defendant-unlawfully-harmed-me

accusation" is insufficient. *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists when a claim contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). The Supreme Court continued by explaining that, although factual allegations in a complaint must be accepted as true for purposes of a motion to dismiss, this tenet does not apply to legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id.* at 1950. If the court finds from its analysis that "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Id.* (quoting, in part, Fed. R. Civ. P. 8(a)(2)). The Supreme Court further articulated that "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.*

## DISCUSSION

### A. Exhaustion

Defendant argues that by withdrawing the request for a hearing and giving notice of his intent to sue in federal court, the Plaintiff failed to exhaust the available EEOC administrative remedy. The relevant regulation provides that:

> A complainant who has filed an individual complaint, an agent who has filed a class complaint or a claimant who has filed a claim for individual relief pursuant to a class complaint is authorized under title VII, the ADEA and the Rehabilitation Act to file a civil action in an appropriate United States District Court:
>
> (a) Within 90 days of receipt of the final action on an individual or class complaint if no appeal has been filed;
>
> (b) After 180 days from the date of filing an individual or class complaint if an appeal has not been filed and final action has not been taken;
>
> (c) Within 90 days of receipt of the Commission's final decision on an appeal; or
>
> (d) After 180 days from the date of filing an appeal with the Commission if there has been no final decision by the Commission.

29 C.F.R. § 1614.407. With regard to exhaustion, subsection (b) of the regulation plainly contemplates filing an action in federal court where 180 days have passed without final action by the EEOC, a point highlighted by the fact that 29 C.F.R. § 1614.109(i) requires an ALJ to resolve complaints within 180 days or to make a written determination that there is good cause for an extension. There is no dispute that more than 180 days elapsed after the Plaintiff initiated his EEOC complaint and before filing this action, and indeed the Defendant appears to have abandoned this argument. Accordingly, Defendant's motion with regard to exhaustion is **DENIED**.

**B. Timeliness**

Alternatively, Defendant claims that Plaintiff's claim is time-barred. Defendant argues that subsection 29 C.F.R. § 1614.407(a) required the Plaintiff to file a complaint in this Court within 90 days of the ALJ's June 22, 2011 Order of Dismissal. Plaintiff responds that the Order did not become final agency action until 40 days later because, pursuant to 29 C.F.R. § 1614.109(i), "[i]f an agency does not issue a final order within 40 days of receipt of the administrative judge's decision . . . then the decision of the administrative judge shall become the final action of the agency." Plaintiff cites *Staropoli v. Donahoe*, 786 F. Supp. 2d 384, which held that "[i]n cases

where an administrative judge's decision becomes the final agency action, the 30-day appeals period ordinarily starts to run following the end of the 40-day period in which the agency could have issued its final order." *Id.* at 389.[1] Defendant's reply, that the agency should not be expected to issue a Final Agency Decision adopting the ALJ's Order of Dismissal, is not supported by the plain language of the regulations and is belied by the Order of Dismissal entered by the ALJ, which was made pursuant to 29 C.F.R. § 1614.109(b). That subsection provides four distinct grounds for dismissing complaints, all four of which require subsequent final action by the agency. 29 C.F.R. § 1614.110(a) ("When an administrative judge has issued a decision under § 1614.109(b) . . . the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and the administrative judge's decision.") Plaintiff is correct that the ALJ's Dismissal Order became a final agency action on August 1, 2011, 40 days after it was issued. The 90-day limitation period then began to run, which gave the Plaintiff up to and including October 31, 2011 to file suit in District Court. Having been filed on September 29, 2011, Plaintiff's Complaint is timely and Defendant's Motion with regard to timeliness is **DENIED**.

**C. Sanctions**

Plaintiff claims that Defendant's Motion is plainly frivolous and seeks an award of fees and costs incurred in defending the motion. Though both grounds for dismissal are easily denied, such sanctions are not appropriate. First, Plaintiff's Counsel does not appear to have complied with the requirements of Fed. R. Civ. P. 11(c) for seeking sanctions. Second, the confusion in this matter

---

[1] In this case, the applicable period is 90 days, not 30. *Compare* 29 C.F.R. § 1614.402(a) (administrative appeal must be filed within 30 days of final agency action) *with* 29 C.F.R. § 1614.407(a) (where no appeal is field, claimant must file in district court within 90 days of final agency action).

appears to have arisen because Plaintiff's counsel filed a document with the ALJ which combined a withdrawal of a hearing request with a notice of intent to sue. Plaintiff contends that a withdrawal of a hearing request results in a remand to the agency for a decision without a hearing, though the regulations do not provide for any such procedure. What's more, a notice of intent to file suit in federal court is a clear indication that a claimant intends to abandon administrative resolution of his claim in favor of a judicial remedy. It appears from the record that the ALJ entered the Order of dismissal based on Plaintiff's stated intention to file suit in this Court and that Plaintiff's EEOC Complaint was not dismissed on its merits. It is this posture which led the Government to seek dismissal for failure to exhaust administrative remedies and, while that motion is ultimately without merit, the circumstances are sufficiently unusual that no sanction is warranted.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss (ECF No. 5) is **DENIED**. The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: March 5, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE